**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Schmallie, | No. CV-17-00079-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

In 2012, Petitioner Leonard Schmallie ("Schmallie") was convicted in state court of four counts of aggravated driving under the influence ("aggravated DUI"). After extensive proceedings in state court, Schmallie filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Magistrate Judge Bridget S. Bade issue a Report and Recommendation ("R & R") concluding Schmallie is not entitled to relief. (Doc. 17.) Schmallie filed objections, (Doc. 18), but having reviewed each ground for relief, the Court agrees he is not entitled to relief.

**FACTUAL BACKGROUND**

Schmallie does not object to the R & R's recitation of facts, and therefore the Court adopts it summarily. (Doc. 17 at 1–8.) In February 2012, a jury convicted Schmallie in Maricopa County Superior Court on four counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs. The evidence at trial established that on September 15, 2008, at approximately 7:00 p.m., a single car crashed into a chain-link fence in Phoenix, AZ. Witness Rick Rausa ("Rausa") observed this

accident and saw one person in the car when it crashed. Rausa described the driver as an "American Indian" male with shoulder length dark hair—consistent with later descriptions of Schmallie at the scene—but could not identify Schmallie as the driver in a photographic lineup. According to Rausa, the driver appeared "disoriented": after the crash, he exited through the driver's door, walked around the vehicle, and got back into the driver's side. Rausa testified that before the fire department responded, he saw a woman—later identified as Schmallie's sister Shannon Schmallie ("Shannon")—dropped off at the scene by an unknown driver in a pickup truck.

The fire department arrived at approximately 7:10 p.m. Paramedic captain Benjamin Marx ("Captain Marx") saw Schmallie sitting in the driver's seat of the crashed car. Captain Marx observed the car keys were in the ignition. At approximately 8:00 p.m., Phoenix Police Officer Diane Day ("Officer Day") arrived at the scene. Officer Day observed Schmallie exhibiting signs consistent with alcohol impairment and saw numerous cans of beer, some of which were open, in the car. Officer Day testified that Schmallie, who was then in the back seat of the driver's side of the car, told her that he had been "driving southbound." (Doc. 17 at 3.) Officer Day further testified that Shannon was also at the scene and explained that before the accident, she and Schmallie had gotten into an argument in the car, Schmallie stopped the car and Shannon got out, and after the car crashed, Shannon walked up to the car. Still at the scene, Schmallie grabbed a can of beer and tried to open it. Officer Day told Schmallie he could not drink in public and Schmallie put the can on the ground. Officer Day testified she tried to administer field sobriety tests but Schmallie refused them. Schmallie was then brought to the police station. Officer Day testified that at the police station, she did not read Schmallie *Miranda* warnings and did not ask him questions about the car crash. After Schmallie refused to submit to a blood, breath, or urine test, Officer Christopher Talley ("Officer Talley") obtained a search warrant and conducted a blood draw on Schmallie at 11:15 p.m.

At trial, Schmallie stipulated that: (1) at the time of the incident, his privilege to drive in Arizona was revoked and he knew or should have known it was revoked, and (2)

he was convicted of two previous DUI offenses in the Coconino County Superior Court. Schmallie admitted that on the day of the accident, he drank beer all day and was drunk by the evening. However, Schmallie denied that he drove the car when it crashed into the fence. Schmallie testified he was a passenger in the pickup truck that arrived at the scene shortly after the crash. According to Schmallie, a family friend named Daylene drove the pickup truck to the scene and Schmallie got out and walked up to the car. Schmallie further testified that Shannon's boyfriend, Martin, was near the car and told Schmallie it would not move. Martin, according to Schmallie's testimony, looked like he had been drinking. Schmallie testified that Shannon was not at the scene at that point. Schmallie further testified that while he was inspecting the car, Daylene and Martin left in the pickup truck without telling him, and that, at some point after the paramedics arrived, he saw Shannon "standing there" but he did not know how she got there. (Doc. 17 at 5.) Schmallie denied he told Officer Day that he had been driving the car and also denied hearing Shannon tell Officer Day that he was driving.

After Schmallie was convicted by the jury, the trial court sentenced him to a presumptive term of ten years' imprisonment on all four counts and awarded him 211 days of presentence incarceration credit. Schmallie appealed to the Arizona Court of Appeals; his appellate counsel filed an opening brief asserting that the trial court failed to award him the correct amount of presentence incarceration credit. The Arizona Court of Appeals concluded Schmallie was entitled to an additional 69 days of presentence incarceration credit.

On August 9, 2013, Schmallie filed a notice of post-conviction relief ("PCR") in the trial court. The court appointed PCR counsel. In December 2013, PCR counsel filed a notice advising the court that he had reviewed the record and could not find any colorable claims for relief. Schmallie then filed a PCR petition pro se. On his PCR petition form, Schmallie indicated he was raising the following claim: "adoptive admission—ineffective appellat[e] attorney—*Miranda* issues." In support, Schmallie "submitted an attachment containing numerous factual assertions and legal arguments in a narrative form,"

identifying various instances of his counsel's alleged ineffective assistance. (Doc. 17 at 6.) On July 16, 2014, the superior court dismissed Schmallie's petition and rejected his ineffective assistance of counsel ("IAC") claims as lacking merit. Schmallie appealed and in October 2016, the Arizona Court of Appeals granted review but denied relief.

On January 9, 2017, Schmallie filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Schmallie's single ground for relief is IAC at the trial and appellate level and Schmallie asserts five arguments in support. (Doc. 1 at 6–23.) Magistrate Judge Bade issued a Report and Recommendation ("R & R"), recommending the petition be denied. Schmallie filed an objection to the R & R. (Doc. 18.)

## STANDARD OF REVIEW

The Court "must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1)(C). A proper rejection requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); *see Warling v. Ryan*, No. CV 12-01396, 2013 WL 5276367, at *2 (9th Cir. 2013). A general objection, on the other hand, "has the same effect as would a failure to object." *Warling*, 2013 WL 5276367, at *2 (citation omitted).

## ANALYSIS

A federal court may not grant habeas relief unless the petitioner "has exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies in Arizona, the petitioner must "fairly present" his claims to the Arizona Court of Appeals. *Castillo v. McFadden*, 399 F.3d 993, 998–1000 (9th Cir. 2004). This requires a description of "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Id.* at 999 (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003)). If the petitioner fails to "fairly present" his claims to the state court, they are procedurally defaulted and generally barred from federal habeas review. *Id.* at 998.

Exceptions arise where the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

With regard to IAC claims, "each 'unrelated alleged instance . . . of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (citation omitted). To show cause for procedural default in Arizona, a petitioner must demonstrate: (1) "counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)"; and (2) "the underlying [IAC] claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez v. Ryan*, 566 U.S. 1, 14 (2012)).

The Court addresses below each of Schmallie's arguments in support of his IAC claim. For ease of reference, the Court follows the R & R in identifying Schmallie's arguments as Claims One, Two, Three, Four, and Five. (Doc. 17 at 8.)

**A. Claim One**

Schmallie asserts his trial and appellate counsel were ineffective for "failing to raise false evidence issues violative of *Napue*." (Doc. 1 at 6.) According to Schmallie, his lawyers should have objected to portions of Officer Day's testimony—relating to Shannon's statements at the scene of the accident—as false evidence. (Doc. 1 at 7–8.) Judge Bade concluded this claim was procedurally defaulted because Schmallie did not "fairly present" it to the trial and appellate courts on PCR. (Doc. 17 at 12 (citing *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)).) Rather, Schmallie presented a different IAC claim based on the admission of Shannon's statements under Rule 801 of the Arizona Rules of Evidence. (Doc. 17 at 12–13.) Judge Bade further concluded there was no cause for his default. (Doc. 17 at 17.) Schmallie does not specifically object to Judge Bade's finding that Claim One was procedurally defaulted; therefore, the Court

adopts Judge Bade's finding. The Court reviews Schmallie's objection to Judge Bade's conclusion that he did not show cause for his default. *See Weber v. Ryan*, No. CV-16-01442, 2018 WL 4620546, at *4 (D. Ariz. Sept. 26, 2018).

Because the underlying IAC claim—that Schmallie's counsel were ineffective for failing to raise false evidence issues—is not a substantial claim, Schmallie has not shown cause for the procedural default. *See Cook*, 688 F.3d at 607. In *Napue*, the Supreme Court held that "a conviction obtained through use of false evidence, known to be such by representatives of the State," violates the Fourteenth Amendment. *Napue v. People of State of Ill.*, 360 U.S. 264, 269 (1959). To win on a claim based on *Napue*, the petitioner must show "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003).

Schmallie argues the prosecution used false evidence when it presented Officer Day's testimony that Shannon told her Schmallie was driving the car before the accident. (Docs. 1 at 7–8; 11-2 at 47.) Schmallie argues this evidence was false when it was presented because Officer Day also testified that no one specifically identified Schmallie as the driver and the trial court made a finding that "no one identified petitioner as the driver." (Docs. 1 at 7; 18 at 3; 11-3 at 163.) Having reviewed the trial record and Schmallie's arguments, the Court finds that Schmallie has failed to demonstrate the underlying IAC claim has any merit. Schmallie points to portions of Officer Day's testimony that are unclear and arguably inconsistent. But even assuming the testimony is inconsistent, "the mere fact that there are contradictions in testimony does not rise to the level" of a *Napue* violation. *Gordon v. Plilier*, No. 1:04-cv-05363, 2011 WL 1885717, at *21 (E.D. Cal. May 18, 2011). Moreover, Schmallie has failed to show that the prosecution knowingly used false evidence. Thus, his trial and appellate counsel were not ineffective

in failing to argue this evidence was false and Schmallie has shown no cause for the procedural default.

### B. Claim Two

Schmallie argues his counsel were ineffective for "allowing the trial court to instruct the jury on considering false evidence in their deliberations." (Doc. 1 at 6.) The "false evidence" here is the testimony discussed in Claim One. The jury instruction at issue is the following: "You have heard statements made by the defendant's sister. You are not to consider these statements for the truthfulness, the sister's statements are offered as an adopted admission by the defendant. You are to consider the circumstances under which the statements were made in determining whether or not these statements are adopted admissions by the defendant." (Docs. 17 at 12; 11-4 at 78.) Because Schmallie does not specifically object to Judge Bade's finding that this claim was procedurally defaulted, the Court adopts that portion of the R & R. (Doc. 17 at 12–13.) In his Objection, Schmallie argues "[t]he adopted admission was false," using the same reasoning he did for Claim One. (Doc. 18 at 6.) As discussed above, Officer Day's testimony about Shannon's statements was not false evidence. Accordingly, the underlying IAC claim is not substantial and Schmallie's procedural default is not excused by cause.

### C. Claim Three

Schmallie claims his counsel were ineffective for "allowing the prosecution in its . . . case-in-chief to use defendant's substantive post-arrest silence as evidence of guilt." (Doc. 1 at 6.) This claim is based on testimony from Officers Day and Talley about events that took place after Petitioner had been arrested and transported to the police station. (Doc. 17 at 27.) On direct examination, Officer Day testified she did not read Schmallie *Miranda* warnings, so she did not ask him any questions about the crash. (Doc. 11-3 at 149.) On cross examination, defense counsel noted the police department's "alcohol influence report" contained a "whole series of questions which [the] department thinks is relevant in a DUI investigation" and asked Officer Day whether she asked Schmallie any of those questions. (Doc. 11-3 at 171.) Officer Day reiterated she did not ask Schmallie any

questions because she did not read him *Miranda* warnings. (Doc. 11-3 at 171–72.) Defense counsel then asked whether it was possible that Officer Day "just jumped to the conclusion [Schmallie] was the driver and . . . didn't listen well to what he was trying to tell" her, to which she responded no. (Doc. 11-3 at 180.) On redirect examination, the prosecution asked Officer Day whether Schmallie, in initially refusing to submit to breath and blood tests, told her "I wasn't driving." Officer Day answered he did not. (Doc. 11-3 at 183.) Later, during Officer Talley's direct examination, the prosecution obtained additional testimony that Schmallie did not say he was not driving. (Doc. 11-3 at 203.) Schmallie argues this usage of his post-arrest silence violated his constitutional rights and his counsel should have objected to it and/or raised it on appeal. (Doc. 1 at 11–16.)

Judge Bade determined that Schmallie did not fairly present Claim Three on post-conviction review. (Doc. 17 at 13–14.) Schmallie did not specifically object and the Court adopts this finding. Schmallie objects to Judge Bade's *Martinez* analysis. (Doc. 18 at 9–13.) The Court concludes Schmallie has not established cause for the procedural default because his underlying IAC claim lacks merit. With regard to the underlying claim, Schmallie has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Assuming without deciding that the testimony about Schmallie's post-arrest silence was improper, Schmallie was not prejudiced by counsel's failure to object. There was extensive evidence implicating Schmallie as the driver: Rausa witnessed the crash and provided a description of the driver that was consistent with Officer Day's description of Schmallie at the scene, and Officer Day testified that Schmallie admitted he was the driver. Moreover, any improper testimony about Schmallie's post-arrest silence was cumulative of the testimony regarding Schmallie's pre-arrest silence: Officer Day testified that Schmallie said nothing when Shannon indicated at the scene that Schmallie was the driver. (Doc. 11-3 at 143.) Thus, Schmallie's underlying IAC claim is not substantial and Schmallie has not shown cause for his procedural default.

**D. Claim Four**

Schmallie claims his counsel "did not object, or raise facts in support of miscalculation of presentence incarceration credit." (Doc. 1 at 17.) According to Schmallie, he was served with a detainer notification from the Maricopa County Attorney on February 11, 2010, while he was serving a sentence in his unrelated Coconino County case. The following month, on March 30, 2010, Schmallie was transferred from the Arizona Department of Corrections ("ADOC") to the Maricopa County jail to face charges in the underlying criminal case. (Doc. 11-1 at 98–102.) Schmallie argues he should have begun receiving credit toward his sentence on February 11, when he received the detainer notification, rather than March 30, the date his counsel used to calculate his presentence credit.

Schmallie does not specifically object to Judge Bade's finding that he did not properly exhaust Claim Four because he failed to raise the IAC claim in his PCR petition; therefore, the Court adopts the finding. (Doc. 17 at 14.) Schmallie objects to Judge Bade's analysis of his underlying IAC claim under *Martinez*. (Doc. 18 at 13–14.)

Because Schmallie's counsel correctly calculated his presentence credit in accordance with Arizona law, his underlying IAC claim is meritless. *See State v. Seay*, 302 P.3d 671, 672 (Ariz. Ct. App. 2013) (granting presentence credit from the date defendant was transferred to county jail from ADOC). As such, Schmallie has not shown cause to excuse his procedural default.

**E. Claim Five**

Schmallie asserts his counsel failed to "sufficiently develop the record at trial to support claims of prosecutorial misconduct." (Doc. 1 at 6.) In his Objection, Schmallie explains Claim Five is "based on Claims 1, 2, 3" because the prosecution engaged in misconduct when it allegedly used false evidence and presented testimony about his post-arrest silence. (Doc. 18 at 14.)

Schmallie does not specifically object to Judge Bade's finding that he did not sufficiently exhaust this Claim Five because he did not present it on PCR; therefore, the

Court adopts it summarily. (Doc. 17 at 15.) Moreover, Schmallie's underlying IAC claim is not substantial and there is no cause for his procedural default. As discussed above, the record does not support Schmallie's allegation that the prosecution engaged in misconduct, or that defense counsel's failure to object to any allegedly improper action by the prosecution deprived Schmallie of a fair trial. *See Ybarra v. McDaniel*, 656 F.3d 984, 1000 (9th Cir. 2011); *Hardnett v. Marshall*, 25 F.3d 875, 880 (9th Cir. 1994).

### F. Fundamental Miscarriage of Justice

Schmallie's procedural defaults also cannot be excused under the fundamental miscarriage of justice exception. "[T]he miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). To do this, Schmallie must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In his Objection, Schmallie states he can "provide testimony by Shannon to the effect she did not make any statement to Officer Day concerning [Schmallie] as the driver." (Doc. 18 at 16.) In light of other evidence establishing his guilt—including Rausa's eyewitness account and corroborated description of Schmallie, as well as Officer Day's testimony that Schmallie admitted to her that he was the drive—Schmallie has not shown "it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 333.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 17) is **ADOPTED** to the extent it is consistent with the analysis above and **REJECTED** to the extent it is inconsistent.

**IT IS FURTHER ORDERED** Schmallie's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of Respondents.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the petition does not make a substantial showing of the denial of the constitutional right.

Dated this 24th day of April, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge